IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RICK MARTIN BOSWORTH, | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-128 (CAR) |
| VS. | : | |
| HALE BURNSIDE, and | : | |
| CALVIN RAMSEY | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |

## RECOMMENDATION

Before the Court is Defendant Calvin Ramsey's Motion to Dismiss (Doc. 10), in which Ramsey contends that Plaintiff has failed to state a claim against him under 42 U.S.C. § 1983. Because the Complaint sets forth only conclusory allegations against Ramsey and fails to set forth sufficient factual allegations to show that Ramsey personally participated in the alleged constitutional violations, as explained more fully below, it is hereby **RECOMMENDED** that the Motion to Dismiss be **GRANTED**

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an inmate at Men's State Prison in Hardwick, Georgia, brings claims under the Eighth Amendment for deliberate indifference to his serious medical needs. Doc. 1. The particular medical need at issue is a "serious eye condition" related to excessive intraocular pressure in the left eye. According to Plaintiff, doctors at Augusta State Medical Prison diagnosed and prescribed treatment for this condition in August 2009. The prescribed treatments included sunglasses, prescription medications, and surgery.

1

Plaintiff claims that he has repeatedly, albeit unsuccessfully, sought these and other appropriate treatments. His claims are primarily against Dr. Burnside, the prison physician. The Complaint describes at length various encounters with Defendant Dr. Burnside and alleges that Dr. Burnside has refused to provide the prescribed treatments. As a result of the denial of treatment, Plaintiff contends that he has suffered double vision, headaches, loss of sleep, and severe physical pain.

In addition to Dr. Burnside, the Plaintiff also named Men's State Prison Medical Director Calvin Ramsey as a defendant. The Complaint makes only two statements related to Defendant Ramsey's participation in the alleged deprivation. In the first, at paragraph 1 of the Complaint, Plaintiff alleges that "for 12 months Dr. Burnside and [Calvin] Ramsey have [continued] a pattern of ongoing denying or delaying medical treatment for [Plaintiff's] serious medical need for his [eye] condition." Doc. 1 at p. 5. In the second, at paragraph 14, Plaintiff claims that "[t]here is a causal connection between ... [defendant's] actions pursuant to a policy established by defendants Dr. Burnside and [Calvin] Ramsey, acting as final policy maker for the state with respect to medical affairs at Men's State Prison...." Doc. 1 at p. 8. In response to these assertions, Defendant Ramsey filed the instant Motion to Dismiss.

## DISCUSSION

When ruling on a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true, and draw any reasonable inferences from those facts in the light most favorable to the plaintiff. Wagner v. Daewoo Heavy Industries America Corp., 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, Beck v. Deloitte & Touche, 144 F. 3d 732, 735 (11th Cir. 1988). *Pro se* complaints are held to less stringent standards than complaints drafted by lawyers, and must therefore be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Nevertheless, conclusory

allegations and unwarranted deductions of fact are not admitted as true. Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005). A claim must be dismissed if the factual matter pleaded in the complaint fails to state a claim to relief that is "plausible on its face." Ashcroft v. Iqubal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

The two references to Ramsey in the Complaint are insufficient to state a claim under Section 1983. These statements are purely conclusory and provide no factual background as to Ramsey's role in the alleged denial of medical care. Liberally construed, the claim appears to be based upon a theory of supervisory liability. Claims against supervisory officials premised solely upon a theory of vicarious liability are not actionable under 42 U.S.C. §1983. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). To establish liability against a supervisor, a plaintiff must show either (1) that the supervisor "personally participated in the allegedly constitutional conduct" or (2) that there is "a causal connection" between the supervisor's actions and the alleged constitutional deprivation. Id. There is no allegation in Plaintiff's Complaint to indicate that Ramsey personally participated in decisions related to Plaintiff's medical treatment. There is simply an allegation that Plaintiff's treatment was administered pursuant to a policy established by Ramsey as the final policymaker, without any factual support regarding the nature of this policy. Given the bare and unsupported nature of the Plaintiff's assertions involving Defendant Ramsey, coupled with Plaintiff's failure to identify or even allege any specific conduct on the part of Defendant Ramsey, the Complaint fails to state a claim against Ramsey.

Accordingly, **IT IS RECOMMENDED** that Defendant Ramsey's Motion to Dismiss be **GRANTED** and that he be **DISMISSED** as a defendant in this action. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with

the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of December, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge