IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RICK MARTIN BOSWORTH, | : | |
| Plaintiff, | : | |
| v. | : | No. 5:10-CV-128 (CAR) |
| HALE BURNSIDE, | : | |
| Defendant. | : | |

**ORDER PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter comes before the Court on Plaintiff Rick Bosworth's Motion to Alter or Amend Judgment [Doc. 35]. Through his motion, Bosworth seeks reconsideration of the United States Magistrate Judge's Order denying his motion to amend his complaint [Doc. 33]. For the reasons set forth below, Bosworth's Motion [Doc. 35] is **DENIED**.

In his motion, Bosworth states that he was acting in an abundance of caution in filing his motion to amend because he wanted to notify the court that he would file an amended complaint if given leave to do so. He goes on to state that his amendments would be directed to important but correctable defects that Defendants highlighted in their motions (presumably the Motion for Summary Judgment [Doc. 21]). He argues that this Court has previously allowed pro se plaintiffs to summarize proposed amendments in a motion to amend, and then ordered plaintiffs to file an amended complaint by a certain date. He asserts that his proposed motions would not prejudice Defendants. Finally, he concludes by asking the Court to reconsider the Magistrate Judge's prior decision denying his motion to his amend his complaint.

Bosworth has failed to establish any ground for reconsidering the Magistrate Judge's prior

1

order. "Motions for reconsideration should be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice." Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005). Bosworth does not bring forth any changes in controlling law or new evidence, nor has he convinced the Court that reconsideration is necessary to correct a clear error or prevent manifest injustice.

Bosworth's motion for reconsideration suffers from the same defect as his motion to amend his complaint. Neither document spells out or even summarizes in a meaningful way the amendments he wishes to make. In that respect, his motion fails by his own terms. In his motion, Bosworth asserts that this Court has allowed pro se plaintiffs to summarize proposed amendments and then file an amended complaint at a later date. Bosworth, however, has not even summarized his proposed amendments. Without that information, the Magistrate Judge was unable to determine whether leave to amend should be granted. See Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that when considering a motion to amend, a district court should consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment"). Without knowing some particulars as to Bosworth's proposed amendments, the Magistrate Judge could not evaluate whether Defendants would be unduly prejudiced or whether the amendments would be futile. Bosworth's motion for reconsideration suffers from same the defect. Without any indication as to the actual substance of the amendments he proposes to make, the Court lacks any basis for concluding that the Magistrate Judge's order denying leave to amend was clearly erroneous or worked a manifest injustice.

Bosworth's Motion [Doc. 35] is **DENIED**.

SO ORDERED this 12th day of April, 2011.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

bcw