# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| RICK MARTIN BOSWORTH, | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-128 (CAR) |
| VS. | : | |
| HALE BURNSIDE, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by Defendants Calvin Ramsey, and Hale Burnside.[1] Doc. 21. For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case, taken in the light most favorable to Plaintiff, are as follows. Plaintiff Rick Martin Bosworth's present incarceration within the Georgia Department of Corrections began on November 6, 2008 at the Georgia Diagnostic Classification Prison (GDCP). At that time, he was suffering from left lower eyelid eversion (an outward turning of the eyelid margin that exposes the mucous membrane lining underneath the lid) as well as related complications from a surgical procedure on the eye that he underwent prior to being incarcerated. Plaintiff's eye conditions were evaluated and treated by prison medical personnel on at least twelve other occasions between his arrival at GDCP and his transfer to Men's State Prison (MSP) on April 14, 2009.

Upon arriving at MSP, Plaintiff was also diagnosed with elevated eye pressure/glaucoma and cataracts. As a result, Plaintiff appears to have been provided with near continuous medical

---

[1] After the instant Motion for Summary Judgment had been filed, a Motion to Dismiss previously filed by Defendant Ramsey was granted thus eliminating him as a party to this case. See Docs. 10, 23, and 31.

attention and treatment. Defendants have submitted hundreds of pages of records documenting dozens of encounters Plaintiff had with medical personnel, including seventeen evaluations or consultations with specialist medical personnel at Augusta State Medical Prison (ASMP)). Included among these treatments were at least twelve different medications, a surgical procedure to repair his eversion on September 2, 2009, frequent monitoring of and treatment for his glaucoma, cataract surgery, prescription eyeglasses or sunglasses, an eye patch, and various other related follow up treatments.

## DISCUSSION

The Plaintiff has failed to create a genuine issue of material fact with regard to his claims. Deliberate indifference to an inmate's serious medical needs is prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97,103-04 (1976). To state a viable claim of medical deliberate indifference, a plaintiff must show (1) "an objectively serious medical need" and (2) a defendant's subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003). As such, allegations of mere negligence or even medical malpractice will not suffice. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). Moreover, so long as the provided medical treatment is "minimally adequate," an inmate's preference for more or different treatment will not give rise to a Constitutional violation. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Stated another way, absent evidence of 1) an outright refusal to provide necessary medical care; 2) a deliberate delay in the provision of necessary treatment; 3) the administration of "grossly inadequate care;" or, 4) "medical care which is so cursory as to amount to no treatment at all," an inmate's claim of medical deliberate will not succeed even where an objectively serious medical need and a defendant's subjective knowledge thereof has been established. McElligott, 182 F.3d at 1255 (citations omitted).

In this case, while Plaintiff has established the existence of one or more serious medical

needs as well as a subjective awareness of those needs by Defendant Burnside, he has not shown that Defendant Burnside disregarded those needs by conduct that amounts to more than mere negligence. Instead, review of Plaintiff's medical records reveals that from his first encounter with Defendant Burnside on April 17, 2009 up until the instant Complaint was filed on April 2, 2010, Defendant Burnside repeatedly requested and ensured that Plaintiff was provided with both general and specialized treatment for his various eye conditions. Thus, even when taken in the light most favorable to Plaintiff, the facts are simply not sufficient to permit a reasonable jury to find that the Defendant Burnside exhibited deliberate indifference. Accordingly, Defendant Burnside is entitled to judgment as a matter of law, and it is **RECOMMENDED** that his Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these **RECOMMENDATIONS** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of July, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge